The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
****************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the employment relationship existed between the parties at all relevant times.
2. Liberty Mutual Insurance Company was the carrier on the risk.
3. The plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on June 24, 1993 when she slipped and fell in the kitchen area at Burger King.
4. The parties agreed to stipulate the following documents into evidence:
a. I.C. Form 18, filed February 17, 1994;
 b. Plaintiff's Exhibit 1, statement of wages from defendant-employer; and,
c. Medical reports of plaintiff's (fifty-seven pages).
5. The issues for determination are:
 a. What was plaintiff's average weekly wage at the time of the compensable injury on June 24, 1993?;
 b. To what benefits may plaintiff be entitled as a result of the compensable injury on June 24, 1993?
****************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The plaintiff began her employment with defendant-employer Carroll Corporation at its Burger King franchise located on Merrimon Avenue in Asheville, North Carolina.
2. The plaintiff was initially hired at a rate of $4.25 per hour as a part-time employee, and she received a pay increase to $4.35 per hour upon being assigned to the sandwich board area.
3. From May 11, 1993 through June 24, 1993, the plaintiff worked 89.21 hours which yields gross earnings of $388.06. The plaintiff worked an average of 14.86 hours per week from the beginning of her employment through the date of the injury. Based upon the average number of hours worked per week, plaintiff's average weekly wage is determined to be $64.65, which yields a weekly compensation rate of $43.10.
4. On June 25, 1993, the plaintiff was seen at St. Joseph's Urgent Care by Dr. William Rogers, who diagnosed a lumbar strain. Dr. Rogers ordered bed rest, and plaintiff was excused form work through June 27, 1993.
5. The plaintiff returned to work on June 28, 1993, with restrictions from Dr. Rogers of no stooping, twisting, bending, and lifting over ten pounds.
6. The plaintiff worked from June 28, 1993 through November 21, 1993 at Burger King, where she worked a greater number of hours per week than her pre-injury work schedule. Prior to the injury, the plaintiff worked 14.9 hours per week. Following the injury, she worked on average 19 hours per week.
7. The plaintiff resigned from the Burger King job on November 21, 1993, due to not being scheduled a greater number of hours to work.
8. The plaintiff began working at Goody's on or about November 30, 1993; and she was laid off on January 3, 1994 for absenteeism.
9. The plaintiff returned to St. Joseph's Urgent Care on September 15, 1993 for a renewal of medication. Physical therapy was ordered; however, the plaintiff kept only one appointment. Although work hardening was recommended, the plaintiff did not return to Asheville Rehabilitation Center for eight months in order to enroll.
10. On October 13, 1993, the plaintiff presented at St. Joseph's Urgent Care reporting that she had experienced right shoulder pain due to an automobile accident.
11. On October 19, 1993, Dr. John Spencer, an orthopedist, saw plaintiff, at which time his examination found no abnormalities in her spine, hip joints, sacroiliac joints. Dr. Spencer released the plaintiff to full duty, and recommended significant weight loss. The plaintiff became irate at Dr. Spencer's recommendation.
12. On March 1, 1994, the plaintiff sought chiropractic treatment from Paul Monitto, D.C., who found a variety of postural problems. In August of 1994, plaintiff was found to be a maximum chiropractic improvement.
13. Orthopaedic surgeon Dr. David Jarrett saw the plaintiff on April 6, 1994, at which time an exercise regime was recommended.
14. On April 26, 1994, the plaintiff sought treatment from Dr. James Hoski, who found plaintiff to be a maximum medical improvement on August 1, 1994 with no permanent impairment to her back.
15. Dr. Hoski recommended work hardening at Asheville Rehabilitation, and plaintiff enrolled on May 2, 1994. The plaintiff's testing was limited due to blood pressure being elevated. On June 21, 1994, a Functional Capacity Evaluation was performed which showed the plaintiff to have a full range of motion in her spine and hip, a submaximal effort on the Maximum Voluntary Effort Test; and plaintiff was found capable of medium work.
16. On August 30, 1994, the plaintiff was seen by Dr. Guthrie, at which time she complained of popping in her left hip. Dr. Guthrie diagnosed plaintiff with a left S1 sprain with piriformis syndrome. Physical therapy was recommended. The plaintiff returned to Dr. Guthrie on November 23, 1994.
17. On October 14, 1994, the plaintiff began treatment with Dr. Robert Schwartz, a physical medicine and rehabilitation specialist. Dr. Schwartz found that plaintiff's gait and posture had aggravated and even reinjured her back. Dr. Schwartz found plaintiff to have a five percent permanent impairment to her spine. On December 5, 1994, Dr. Schwartz authorized the plaintiff to return to work with a forty pound weight restriction.
18. Dr. Schwartz performed psychological testing of plaintiff which showed evidence of paranoia, schizophrenia, hysteria, and depression. These conditions are not causally related to the compensable injury.
19. After the Goody's job, the plaintiff next worked from December 27, 1994 to March 10, 1995, at Olan Mills. On April 19, 1995, the plaintiff began working at Sears.
****************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the compensable back injury, the plaintiff was authorized to remain out of work only from June 25 through June 27, 1993. Therefore, she is not entitled to temporary total disability compensation, pursuant to N.C. GEN. STAT. § 97-28.
2. The plaintiff has failed to carry the burden of proof to establish that she was incapable of earning the same wages as were earned before the injury in the same employment. Hendricks v.Linn-Corriher Corp., 317 N.C. 179, 345 S.E.2d 374 (1986). In this case, not only did the plaintiff returned to work at the same pay rate, but she also worked on average five more hours per week after the injury.
3. The plaintiff has failed to carry the burden of proof to establish that any incapacity to earn wages after she voluntarily terminated her employment with the defendants due to her dissatisfaction with the number of hours she was assigned to work, was due to the compensable injury of June 24, 1993. N.C. GEN. STAT. § 97-2.
4. The plaintiff is entitled to have defendants provide medical compensation for treatment provided from June 25, 1993 through October 19, 1993, but not thereafter.
5. The plaintiff has failed to carry the burden of proof to establish that any permanent impairment to her back, if any, was causally related to the compensable injury of June 24, 1993.
****************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for temporary total or permanent partial disability compensation is hereby, and must be, DENIED.
2. Defendants shall pay medical expenses incurred from June 25, 1993 through October 19, 1993.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ COY M. VANCE COMMISSIONER